UNITED STATES of America, Plaintiff-Appellee,

v.

Stephen Michael SANITI, Defendant-Appellant.

No. 79–1026.

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1979.

**604**

Mark E. Griffin, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

Kristine O. Rogers, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before WALLACE and ANDERSON, Circuit Judges, and MURRAY,* District Judge.

PER CURIAM:

Saniti was convicted of bank robbery pursuant to 18 U.S.C. § 2113(a). We affirm.

■ Relying upon *Hawkins v. United States,* 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958), Saniti contends that the district court committed reversible error when it compelled his wife to testify against him. Even assuming the legal issue was properly raised in this case, there is a narrow exception to the husband-wife privilege when the marriage is not entered into in good faith. *See Lutwak v. United States,* 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953); *United States v. Mathis,* 559 F.2d 294, 298 (5th Cir. 1977). Thus, if it were a sham, the purported marriage could not be used to invoke the privilege. The district judge held an evidentiary hearing on the issue of the validity

of the marriage for the purpose of the husband-wife privilege, and concluded that it was indeed a sham.[1] The determination that the marriage was a sham was a finding of fact which cannot be set aside unless it is clearly erroneous. Here it was not. There was adequate evidence to substantiate it.

■ Saniti next contends that the district court improperly admitted into evidence testimony that he was addicted to heroin at the time of the bank robbery. We disagree. Evidence that he had a $250-a-day heroin and morphine habit was properly admitted to show his motive for robbing the bank. Evidence that tends to show that a defendant is living beyond his means is of probative value in a case involving a crime resulting in financial gain. *United States v. Tierney,* 424 F.2d 643, 647 (9th Cir.), *cert. denied,* 400 U.S. 850, 91 S.Ct. 53, 27 L.Ed.2d 87 (1970); *United States v. Falley,* 489 F.2d 33, 39 (2d Cir. 1973). The trial court was within its wide discretion in admitting this evidence. *See United States v. Fernandez,* 497 F.2d 730, 735 (9th Cir. 1974), *cert. denied,* 420 U.S. 990, 95 S.Ct. 1423, 43 L.Ed.2d 670 (1975). Saniti's reliance upon *United States v. Blackshire,* 538 F.2d 569 (4th Cir.), *cert. denied,* 429 U.S. 840, 97 S.Ct. 113, 50 L.Ed.2d 108 (1976), is not persuasive. There evidence of narcotics addiction was admitted only to impugn a witness' credibility. *Id.* at 572.

■ Saniti next contends that the district judge improperly allowed lay witnesses to give opinion evidence identifying Saniti as the person in bank surveillance photographs. Opinion testimony by lay witnesses may be admitted if the opinion is "(a) rationally based on the perception of the witness and (b) helpful to . . . the determination of a fact in issue." Fed.R.Evid.

---

\* Honorable Frank J. Murray, United States District Judge, District of Massachusetts, sitting by designation.

1. In his oral findings, the district judge stated:
   The question is not whether or not the marriage is valid. I don't have much question but what the marriage is valid. The question is was the marriage ceremony entered into for the purpose of invoking the marital privilege? Clearly it was.
   . . . . Marital privilege is not available when, as here, the purpose of the marriage was for the purpose of invoking marital privilege.

701. The two witnesses who identified Saniti as the person in the surveillance photographs were his roommates. Their perceptions of his appearance and clothing were rationally based upon their association with him. The two witnesses were able to identify the clothing on the person in the photograph as belonging to Saniti. That clothing was not available to the jury for comparison. Saniti's reliance upon the cases involving expert testimony is misplaced, for they are not in point.

 Saniti's final argument pertains to an exhibit consisting of a bank photograph with an attached photographic overlay which the district judge admitted in evidence. Both the bank surveillance photograph and the overlay, which was made from an FBI photograph, were properly admitted in evidence. Saniti does not now object to their separate admissibility. Rather, he contends that error occurred when the bank photograph and the overlay photograph were used in conjunction with each other. Saniti argues that the district judge erred in admitting the photograph with the overlay attached because there is no evidence that the angles and distances of the separate cameras were the same. His counsel had adequate opportunity to develop this line of inquiry during cross-examination of the FBI photographer, and took the time to do so. At no time did Saniti request that the two exhibits be physically detached.

There was no error in admitting the overlay, essentially a copy of a picture already in evidence. As the two pictures were properly in evidence, Saniti cannot now object because they were attached with tape for purposes of comparison. Indeed, the jury had the pictures in the jury room and, even if they had been detached, the jury could properly have made a comparison on its own. However, even if we were to conclude that the district judge committed error in allowing the taped exhibit into evidence, and that Saniti properly preserved his objection, we could not reverse this case on this basis because of the other overwhelming evidence of Saniti's guilt.

AFFIRMED.