STATE of Iowa, Plaintiff-Appellee,

v.

Craig H. ROGHAIR,
Defendant-Appellant.

No. 83–906.

Court of Appeals of Iowa.

June 26, 1984.

Patrick R. Grady, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen. and Valencia Voyd McCown, Asst. Atty. Gen., for plaintiff-appellee.

Heard by SNELL, P.J., and HAYDEN and SACKETT, JJ., but considered en banc.

SNELL, Judge.

Defendant Craig H. Roghair was convicted of burglary in the second degree in violation of Iowa Code section 713.3 (1981). The crime involved the theft of a rifle. Defendant challenges the conviction. Our review is on assigned error. Iowa R.App.P. 4 (1981).

I. The rifle in question was allegedly stolen from the home of a friend of defendant. At trial, defendant testified that the rifle had been left in his car, that he had needed money for Christmas shopping, that he had pawned the rifle without the owner's permission, but that he intended to reclaim the rifle and return it to the owner. During cross-examination, the prosecutor elicited from defendant that he was going to use money paid him by his father for working on cars to redeem the rifle he had pawned. Over objection that it was irrelevant, immaterial, and improper cross-examination, the prosecutor was permitted to question defendant concerning his financial status as shown on his affidavit of indigency. The prosecutor repeatedly brought to the jury's attention the fact that defendant had signed an affidavit in which he claimed to make little money during the year. These claims were made for the purpose of establishing his indigency and obtaining court appointed and publicly financed counsel.

The State asserts the questioning was proper to show that defendant had not made enough money during the year from which he could reasonably intend to reclaim the rifle from the pawn shop. Defendant claims the questioning prejudiced him by intending to improperly portray him as a dishonest person. We agree. The evidence was irrelevant and immaterial to any matters in issue. *See State v. Brown,* 337 N.W.2d 507, 511 (Iowa 1983); *State v. Mark,* 286 N.W.2d 396, 410–11 (Iowa 1980). Furthermore, it prejudices the jury against the defendant because he used public funds for his defense. The information was more prejudicial than probative and should not have been allowed into evidence.

II. The trial court overruled a motion for mistrial based upon the prosecutor's comment during closing argument that defendant, when confronted with prior statements, was like a downhill skier required to go through several gates of flags but that he had not been able to weave sufficiently to get through the last gate. Defendant asserts the trial court erred in overruling the motion because the closing argument inferred that it was defendant's burden to prove his innocence.

The State replies that the comments were the natural response to defendant's attempts to explain his actions and what he expected to do about them. The danger inherent in these comments is of course that the presumption of innocence may be shunted aside. A defendant is presumed innocent and is to be convicted only upon proof of guilt beyond a reasonable doubt. *See Patterson v. New York,* 432 U.S. 197, 215, 97 S.Ct. 2319, 2339, 53 L.Ed.2d 281, 295 (1977). During closing arguments, counsel is entitled to point out the weaknesses in testimony. *State v. Odem,* 322 N.W.2d 43, 45 (Iowa 1982). In determining whether counsel's argument is improper and prejudicial to the defendant, the trial court is given discretion. *State v. Newman,* 326 N.W.2d 796 (Iowa 1982). In reviewing the circumstances of these arguments, we conclude that the trial court properly exercised its discretion and error

did not occur. We caution the State prosecutors, however, to exercise considerable restraint in this type of rebuttal argument, lest the line be crossed that results in the denial of fair trial for a defendant and mandates a new trial.

REVERSED AND REMANDED.