**STATE of Iowa, Appellee,**

v.

**Craig H. ROGHAIR, Appellant.**

**No. 84–1911.**

Supreme Court of Iowa.

July 23, 1986.

Harold O. Postma, Orange City, for appellant.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., and Mark Schouten, Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and WOLLE, JJ.

LARSON, Justice.

The defendant, Craig Roghair, has appealed from a district court order which forfeited his appeal bond when he failed to appear for a retrial of his case. He argues (1) the notices of the pendency of the retrial and of subsequent proceedings to forfeit his bond were insufficient to satisfy due process requirements; and (2) viability of the appeal bond had ended with completion of the appeal and could not stand as security for his appearance at the retrial. We affirm.

In June, 1983, Roghair was convicted of second-degree burglary, Iowa Code § 713.5 (1981), and sentenced to imprisonment. At the trial, he was represented by attorney Harold Postma. Roghair filed a notice of appeal and posted the appeal bond which is the subject of the present case. The Appellate Defender's Office took over the representation of Roghair on the appeal.

In June, 1984, the court of appeals reversed Roghair's conviction and remanded the case, 353 N.W.2d 433. The procedendo directed the district court to "proceed ... in the manner required by law and consistent with the opinion of the court of appeals." The case was set for retrial, and a pretrial conference was held. Roghair did not appear at the pretrial conference, but Postma was there. Postma informed the court that he had not been in actual contact with Roghair but had obtained a California

address for him. He informed the court that he had mailed notices of the pretrial conference and of the pending trial to Roghair but had received no response. He declined to reveal Roghair's address.

On October 9, 1984, the date set for the trial, Roghair failed to appear, and the district court began forfeiture proceedings against his *appeal* bond. (His initial appearance bond had been exonerated by the district court in its sentencing order.) The court ordered Roghair to show cause why judgment should not be entered against him for the amount of his bond. Notice of the show-cause hearing was mailed to Roghair at his Sheldon, Iowa, address. Notice was also sent to the surety on the appeal bond. The county attorney then subpoenaed Roghair's father to update Roghair's address, and a second notice of the show-cause proceeding was mailed to Roghair, this time at a California address. (No issues are raised as to the sufficiency of the notice contents, or as to their timeliness.)

Roghair failed to appear at the bond forfeiture hearing, but attorney Postma was again present. The surety company was also represented. At this time, Postma filed a "special appearance" which alleged that the State had failed to provide Roghair with personal notice of the pendency of the retrial and of the bond forfeiture proceedings. The special appearance was overruled, and the bond was ordered forfeited. Judgment was entered against Roghair and his surety for the amount of the bond. Ironically, when Roghair was ultimately tried again, he was acquitted.

## I. *The Notices.*

Roghair contends that the mailed notices to him of the pendency of the trial and of the bond forfeiture proceeding were insufficient under the due process clauses of the United States and Iowa constitutions. He cites *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and several Iowa cases.

The statutory procedure for forfeiture of bail is set out in Iowa Code section 811.6 (1983), which provides:

A defendant released pursuant to this chapter shall appear at arraignment, trial, judgment, or such other proceedings where the defendant's appearance is required. If the defendant fails to appear at the time and place when his or her personal appearance is lawfully required, or to surrender himself or herself in execution of the judgment, the court must direct an entry of the failure to be made of record, and the undertaking of the defendant's bail, or the money deposited, is thereupon forfeited. As a part of the entry, except as provided in R.Cr.P. 53, the court shall direct the sheriff of the county to give *ten days' notice in writing to the defendant and his or her sureties* to appear and show cause, if any, why judgment should not be entered for the amount of bail. If such appearance is not made, judgment shall be entered by the court.

(Emphasis added.) This statute is silent as to the manner of service of the notice.

■ Relying on *Fuentes*, Roghair contends that personal service of the notices is required to satisfy due process. The State counters that the mailed notice was sufficient. Under our view of the case, we need not resolve the question of whether personal service is required; we agree with the district court that Roghair's attorney had actual notice of the matters, and this notice was imputed to Roghair.

The general rule is that

[k]nowledge of, or notice to, the attorney for a litigant or party to a legal proceeding, of matters arising in the course of the litigation or proceeding, is ordinarily imputable to such litigant or party. This rule has been applied or recognized where the attorney had knowledge or notice as to the pendency of an action, orders of the court relating to the trial of the cause, the assignment or setting of a cause for trial, and the continuance of a case by the court.

7A C.J.S. *Attorney & Client* § 185, at 299–300 (1980). While Roghair argues that Postma was not actually his attorney during the retrial proceedings, we do not agree. It is true that other counsel had represented Roghair in the intervening appeal, but Postma took part in the district court proceedings which followed the remand. In fact, the court's order on Postma's application for attorney fees, filed after the remand and before retrial, provided that the fee was "part payment for the services performed and to be performed" by Postma. As long as this case remained unresolved under the order of remand, Roghair was properly before the court and is chargeable with notice of the proceedings. *See generally Committee on Professional Ethics & Conduct v. Toomey*, 253 N.W.2d 573, 574 (Iowa 1977); 66 C.J.S. *Notice* § 12, at 648 (1950). For these reasons, we reject Roghair's notice arguments.

II. *Forfeiture of Appeal Bond After Remand.*

Roghair complains that, even if the notices were proper, his appeal bond was binding for appeal purposes only and could not be used as security for his appearance at the second trial. Apparently, we have not addressed this specific question before.

Our appeal bond statute provides:

After conviction, upon appeal to the appellate court, the defendant must be admitted to bail, if it be from the judgment imposing a fine, upon the undertaking of bail that the defendant will, in all respects, abide the orders and the judgment of the appellate court upon appeal; if from a judgment of imprisonment, except as provided in section 811.1 upon the undertaking of bail that the defendant will surrender in execution of the judgment and direction of the appellate court, *and in all respects abide the orders and judgment of the appellate court upon the appeal.* Such bail may be taken, either by the court where the judgment was rendered, or the district court of the county in which the defendant is imprisoned, or by the appellate court, or a judge or clerk of any of such courts.

Provided, that in lieu of bail, bailable defendants as described herein may be released in accordance with the provisions of section 811.2.

Iowa Code § 811.5 (1983) (emphasis added).

Under the terms of Roghair's appeal bond, he agreed to "surrender himself in execution of the judgment and direction of the Supreme Court." We believe this language, and the language of section 811.5, requiring the bond to secure a defendant's "in all respects abid[ing] the orders and judgment of the appellate court," contemplate that the appeal bond will stand as security for the defendant's appearance at those proceedings. Under the defendant's reasoning, the district court would have neither the person of a defendant nor any security to guarantee his appearance at the second trial. We do not believe the legislature intended such a result.

We conclude Roghair's appeal bond stood as security for his appearance and that the district court properly ordered its forfeiture. We therefore affirm.

AFFIRMED.