**STATE of Iowa, Appellee,**

v.

**Kirk Michael KANE, Appellant.**

**No. 91–1342.**

Court of Appeals of Iowa.

Aug. 27, 1992.

Linda Del Gallo, State Appellate Defender, and Rachele B. Hjelmaas, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., and Michael L. Zenor, County Atty., for appellee.

Heard by SCHLEGEL, P.J., HABHAB, J., and McCARTNEY, Senior Judge.*

McCARTNEY, Senior Judge.

Defendant Kirk Kane was convicted of the crime of burglary in the second degree, in violation of Iowa Code sections 713.1 and 713.5. He was sentenced on the finding of guilt and as a habitual offender. Kane appeals his conviction and sentence. We affirm.

The evidence in this case showed that Kane spent the evening of Saturday, May 4, 1991, at Huey's Bar in Spencer, Iowa. Kane played a gambling machine all evening. Rhonda Koenig, the bartender at Huey's that night, testified Kane put at least $100 in the gambling machine.

At about midnight Koenig told Kane she wanted to close the bar. She then took the money from the cash register and placed it in a bank bag. Kane came up to the cash register to pay for a pizza. He then showed Koenig he had only $26 left in his wallet. Kane was upset and asked if he could get his money back. Koenig told him he would have to ask the manager the next day. As Kane was leaving, Koenig placed the bank bag in a garbage can near the cash register. She then placed a plastic

---

* Senior Judge from the 2nd Judicial District serving on this court by order of the Iowa Supreme Court.

garbage bag over the bank bag. This was the usual procedure for closing the bar.

A police officer saw Kane walking in that area of town at about 2:30 a.m. May 5, 1991. It was raining quite hard at that time.

When Kimberly Riley, another employee of Huey's, opened the bar at about 9:30 a.m., Sunday, May 5, she found a window had been broken and the bank bag was missing. Approximately $938 was missing from the bar.

On Monday morning, May 6, Kane opened a checking account at United Federal Savings Bank in Spencer. He had $500 with him and used $400 to open the account. The money was in small bills and had a distinct odor of smoke, an odor peculiar to bars.

At that time Kane was employed by De-Loss Construction Company. Lavon De-Loss, the company bookkeeper, testified that prior to May 4, 1991, Kane had received paychecks totaling about $839.

Kane testified he usually kept his money in a dresser drawer, but opened a checking account to pay some traffic tickets on May 6. He presented witnesses who testified they paid him about $840 in March and April 1991 for items of furniture.

On April 15, 1991, Kane had to use money from charitable sources in order to rent an apartment.

Kane now raises several arguments on appeal.

■ I. Kane contends the district court erred in admitting evidence of his financial condition. He states such evidence is not relevant under Iowa Rule of Evidence 401, and that even if it were relevant, it should be excluded under rule 403 as being more prejudicial than probative.

We first note that determinations of the relevance of evidence rest within the sound discretion of the trial court and will be reversed only upon a showing that such discretion has been abused. *State v. Gordon*, 354 N.W.2d 783, 784 (Iowa 1984). Under rule 401,

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

In *United States v. Feldman*, 788 F.2d 544 (9th Cir.1985), *cert. denied*, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987), the financial condition of the defendant charged with robbery was considered relevant. The court, in rejecting Feldman's argument, held that such evidence was probative in a crime resulting in financial gain, citing *United States v. Saniti*, 604 F.2d 603 (9th Cir.1979), *cert. denied*, 444 U.S. 969, 100 S.Ct. 461, 62 L.Ed.2d 384 (1979). The *Feldman* court further held that Federal Rule of Evidence 404(b), identical to Iowa R.Evid. 404(b), permitted the use of such evidence and the probative value outweighed any prejudice sought to be found in Federal Rule of Evidence 403, again identical of our Rule of Evidence 403. See further the report to the Iowa Supreme Court of the Advisory Committee on the study of the Federal Rules of Evidence.

It is noteworthy that the currency evidence pertaining to the currency not only was reflective of Kane's immediate past financial condition but had its own evidentiary character in its peculiar odor and its wide-ranging denominations typical of currency found in bars.

Kane relies on the case of *State v. Roghair*, 353 N.W.2d 433, 434 (Iowa App. 1984). In that case the defendant had pawned a friend's rifle without permission. *Id.* The defendant claimed he planned to earn enough money to redeem the rifle. *Id.* The State introduced defendant's affidavit of indigency, used to obtain court-appointed counsel, and questioned him about his financial condition. *Id.* On appeal, we found the evidence of defendant's financial condition was irrelevant and should not have been introduced into evidence. *Id.* at 435. We additionally found the evidence was prejudicial because it showed the defendant used public funds for his defense. *Id.*

The facts in *Roghair* are distinguishable from the present situation. In that case, the defendant's affidavit of indigency could have no connection to the question of whether he had committed the crime. In the present case, however, the State introduced evidence of Kane's financial condition as a factor tending to show motive and consequent guilt. The evidence was used to show that the night before the robbery Kane had only $26, but when the bank opened Monday morning he had $500 and opened a checking account with $400 of that sum.

Not only did the *Roghair* evidence elicit Roghair's indigency and need for public supported defense, the relationship between Roghair's financial condition and his motives were far more attenuated than the evidence of Kane's financial need, close-coupled as it was to his possession of a substantial sum of odorous currency within a day or so after the burglary and under the circumstances surrounding his conduct. The evidence here did not have the same potential for mischief as it had in *Roghair*.

We conclude the district court did not abuse its discretion in admitting this evidence.

■ II. Kane also contends the district court should have granted his motion for judgment of acquittal because there was insufficient evidence to support the verdict of the jury. He points to evidence that he could have had sufficient funds of his own to open the checking account. He also states that because he frequently went to bars, his money could have acquired a smell of smoke from that activity.

On appeal, we must uphold the ruling of the trial court if it is supported by substantial evidence in the record. *State v. Frake,* 450 N.W.2d 817, 818 (Iowa 1990). Substantial evidence means evidence which could convince a rational finder of fact of the fact in issue. *Id.* We find there was substantial evidence in the record to support the jury's verdict.

■ III. Finally, Kane contends he was denied his constitutional right to the effective assistance of counsel. He claims his trial counsel was ineffective in failing to investigate and present certain rebuttal witnesses at trial.

Ineffective assistance claims are generally reserved for postconviction proceedings, but can be resolved on direct appeal when the record adequately presents them. *State v. Risdal,* 404 N.W.2d 130, 131 (Iowa 1987). There is insufficient evidence in this record to resolve the claim of ineffective assistance of counsel, and find that such claims should be reserved for postconviction proceedings.

We affirm the conviction.

AFFIRMED.

SACKETT, J., takes no part.