34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory COOK, Defendant-Appellant.
 No. 93-10512.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 9, 1994.*
Decided Aug. 25, 1994.
 
 Before: NORRIS, TROTT, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Cook appeals his conviction for robbery of controlled substances, being a felon in possession of a firearm, carrying a firearm in the course of committing the robbery, and being an unlawful user of controlled substances or controlled substances addict in possession of a firearm. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 DISCUSSION
 
 3
 Cook argues the district court erred in admitting evidence that on prior occasions he had obtained numerous prescription drugs from several different doctors. We disagree. Evidence of a drug habit is admissible to demonstrate a need for cash as motive to commit bank robbery. United States v. Miranda, 986 F.2d 1283, 1285 (9th Cir.), cert. denied, 113 S.Ct. 2393 (1993); United States v. Saniti, 604 F.2d 603, 604 (9th Cir.), cert. denied, 444 U.S. 969 (1979); United States v. Parker, 549 F.2d 1217, 1222 (9th Cir.), cert. denied, 430 U.S. 971 (1977). Similarly, evidence that on prior occasions Cook had obtained numerous prescription drugs was relevant to whether he was a drug user or addict. This is an element of the crime of being a user or addict in possession of a firearm. The evidence was also relevant to a motive for the robbery: to obtain more drugs.
 
 
 4
 Relevant evidence, however, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. We review a district court's decision under Rule 403 for abuse of discretion. United States v. Feldman, 788 F.2d 544, 557 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987).
 
 
 5
 The district court did not abuse its discretion in admitting the evidence. "[E]vidence relevant to a defendant's motive 'is not rendered inadmissible because it is of a highly prejudicial nature.... The best evidence often is.' " Parker, 549 F.2d at 1222 (quoting United States v. Mahler, 452 F.2d 547 (9th Cir.1971), cert. denied, 405 U.S. 1069 (1972)).
 
 
 6
 Cook also argues the district court improperly admitted evidence that he lied to a police officer about his true identity. We reject this argument. In United States v. Ramirez, 967 F.2d 1321, 1327 (9th Cir.1992), we held that the trial court did not err in allowing introduction of evidence that the defendant gave a false name to the arresting officers. We stated:
 
 
 7
 While the knowledge that Ramirez had lied to law enforcement agents might tend to taint his character in the minds of the jury, it is unlikely that it would awaken in the jury an irrational or emotional desire to punish Ramirez, leading the jury to convict him based on his character alone. Instead, the main source of prejudice would come from the jury drawing a permissible inference--namely that appellant was cognizant of the illegal act he was committing, and was therefore lying to cover his guilt.
 
 
 8
 Id. at 1327-28.
 
 
 9
 As in Ramirez, it is unlikely the evidence that Cook lied to a police officer about his true identity would awaken in the jury an irrational or emotional desire to convict him based on his character.
 
 
 10
 Cook next argues he was unfairly prejudiced by the district court's denial of his motion to sever Counts 2 and 4 of the indictment for a separate trial. We review for abuse of discretion a trial court's decision not to sever counts. United States v. Smith, 795 F.2d 841, 850-51 (9th Cir.1986), cert. denied, 481 U.S. 1032 (1987); United States v. Sanchez-Lopez, 879 F.2d 541, 550-51 (9th Cir.1989).
 
 
 11
 "The test is whether joinder was so prejudicial that the trial judge was compelled to exercise his discretion to sever." United States v. Lewis, 787 F.2d 1318, 1321 (9th Cir.1986) (citing United States v. Nolan, 700 F.2d 479, 482 (9th Cir.), cert. denied, 462 U.S. 1123 (1983)). "The prejudice must have been of such magnitude that the defendant's right to a fair trial was abridged." Id. (citing United States v. DiCesare, 765 F.2d 890, 898 (9th Cir.), modified on other grounds, 777 F.2d 543 (9th Cir.1985)). See also United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir.1988), cert. denied, 489 U.S. 1084 (1989).
 
 
 12
 Cook contends that Count 2 (being a felon in possession of a firearm) should have been severed form Counts 1 and 3 because evidence that he was a felon would otherwise have been inadmissible.
 
 
 13
 In Lewis, we adopted a case-by-case approach for determining whether a district court must grant a motion to sever when evidence of prior convictions would not be admissible on counts which might be separately tried. We stated: "We agree that a per se rule is inappropriate but recognize that the danger that the jury's perception of the defendant will be adversely affected by the evidence of the prior crimes is so strong as to create a presumption favoring severance." Id.
 
 
 14
 In Lewis, the defendant appealed from his conviction for conspiracy, bank larceny, killing to avoid apprehension for bank larceny, and being a felon in receipt of a firearm. He asserted he was prejudiced because evidence of his prior felony conviction would not have been admissible in a separate trial on the larceny and killing counts.
 
 
 15
 At the very beginning of Lewis's trial, the prosecutor "capitalized on" the evidence of Lewis's prior conviction by introducing him as "a convicted felon," and it was three days before the jurors were told they should consider the evidence as to each count discretely. Lewis, 787 F.2d at 1323. In addition, we found "less than emphatic" the instruction that the jury should not consider the prior conviction on the killing charge. Id. We noted that the evidence on the larceny count was "overwhelming," but the evidence on the killing count was "sparse." Id. We held the district court did not abuse its discretion in refusing to sever the larceny count, but it did abuse its discretion in refusing to sever the killing count. "[T]he paucity of the evidence produced on the killing charge was a critical factor in finding manifest prejudice as to that count." United States v. Burgess, 791 F.2d 676, 678-79 (9th Cir.1986) (explaining Lewis ).
 
 
 16
 In contrast, the evidence against Cook on Counts 1 and 3 is far from sparse, and unlike Lewis, the prosecutor in Cook's case did not capitalize on the fact that Cook was a convicted felon. Moreover, the court specifically instructed the jury that it was to consider evidence of Cook's previous conviction only insofar as it was an element of Count 2, and not as evidence of guilt of any other crime. The court later reiterated to the jury that each charge, and the evidence pertaining to each charge, was to be considered separately by them. In these circumstances, joinder was not " 'so manifestly prejudicial that it outweighed the dominant concern with judicial economy....' " Whitworth, 856 F.2d at 1277 (quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir.1980)).
 
 
 17
 Cook argues Count 4 (being a user of narcotics or addicted person in possession of a firearm) should have been severed from Counts 1 and 3 (robbery of controlled substances and carrying a firearm in the course of committing the robbery), because the government was permitted to show as to Count 4 that Cook had obtained numerous prescription drugs from up to twenty doctors from pharmacies other than Kona Coast Drugs. Cook contends this evidence was otherwise inadmissible as to Counts 1 and 3. We disagree. As explained above, this evidence was admissible to show motive for the robbery. Because the evidence would have been admissible in a separate trial even if the counts had been severed, there was no prejudice by the district court's refusal to sever. United States v. Irvine, 756 F.2d 708, 712 (9th Cir.1985) (no prejudice in denial of a motion to sever charges because the bulk of the evidence would have been admissible at separate trials).
 
 
 18
 Cook also argues Count 4 should have been severed from Counts 1 and 3 because his probation officer testified that Cook tested positive for using drugs while on probation. As we have previously stated, evidence of Cook's drug use was admissible on the issue of motive. Evidence he tested positive for using drugs was proper. The probation officer's statement that the test was administered while Cook was on probation was prejudicial, but its prejudice was slight in the context of the entire trial. The trial was not rendered unfair by this statement by the probation officer, nor did the probation officer's testimony demonstrate that "joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." Whitworth, 856 F.2d at 1277 (quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir.1980)).
 
 
 19
 Next, Cook contends the district court erred in allowing the government to add a witness to its witness list the day before the start of trial. We reject this argument. The government need not provide the defendant with a witness list in a non-capital case. United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir.1980) (citing United States v. Glass, 421 F.2d 832 (9th Cir.1969)). Moreover, the government's late addition of the witness did not violate the court's pretrial order, because the witness had not previously agreed to cooperate and was "newly discovered." Cook's argument that the government hid the witness until the day before trial is unsupported by the record.
 
 
 20
 Cook's next contention is there was insufficient evidence for the jury to find that the replacement cost of the stolen controlled substances was not less than $500. "In reviewing a sufficiency of the evidence claim, this court must affirm the verdict if, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. McClendon, 782 F.2d 785, 790 (9th Cir.1986) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original).
 
 
 21
 The record shows the pharmacy owner had been a licensed pharmacist for ten years, that he kept a computer inventory of all the drugs in the store, that he replaced the stolen drugs, and that he determined their cost from the bills for their replacement. At trial, the pharmacy owner testified the replacement cost "was in the neighborhood of $700." Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the replacement cost of the drugs was not less than $500.
 
 
 22
 Cook argues there was insufficient evidence to sustain his conviction for use of a firearm in commission of the robbery. We disagree. The pharmacy owner testified Cook pulled a gun out of his pants and pointed it at him and that he was approximately six feet away from Cook when he first saw the weapon. The pharmacy owner also testified he was afraid Cook would shoot him and that when Cook brought him to the front of the store to find something to tie him up with, Cook was holding the gun in his hand. The pharmacy owner identified the gun Cook carried as an older Colt .45 with roughed-up metal, "greenish brown" in color. After the robbery, the pharmacy owner identified a Colt .45 at a gun store as "close[ly] resembl[ing]" the weapon used in the robbery. The pharmacy owner had testified at the preliminary hearing that the barrel of the gun was a dirty grayish green. The FBI Agent who accompanied the pharmacy owner to the gun store testified that the weapon's barrel was a greenish hue. Viewed in the light most favorable to the prosecution, the pharmacy owner's testimony was sufficient for a rational trier of fact to find beyond a reasonable doubt that Cook possessed a firearm during the robbery.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3