**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Patricia ALVARADO, Defendant–
Appellant.**

**No. 00–50447.
D.C. No. CR–99–02307–RMB.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2001.*

Decided June 21, 2001.

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

**MEMORANDUM ***

Patricia Alvarado appeals her conviction and sentence for possession of marijuana

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

with intent to distribute, importation of marijuana, and making a false statement to a customs official. *See* 21 U.S.C. §§ 841, 952, 960; 18 U.S.C. § 1001. We affirm.

Alvarado contends that the district court abused its discretion when it admitted evidence that she was to receive a welfare check. We disagree.

We recognize that evidence of Alvarado's straitened circumstances could not be admitted simply to show that she was poor. *See United States v. Mitchell,* 172 F.3d 1104, 1108–09 (9th Cir.1999); *United States v. Jackson,* 882 F.2d 1444, 1449 (9th Cir.1989). But the evidence could be admitted for other purposes. *See Jackson,* 882 F.2d at 1449–50; *United States v. Feldman,* 788 F.2d 544, 557 (9th Cir.1986); *United States v. Saniti,* 604 F.2d 603, 604 (9th Cir.1979). Here the evidence was admitted to impeach her testimony that, although she did not have funds available at the time of her arrest, she would get a substantial sum with which to purchase an automobile in the first part of the following month. The district court did not err.[1]

AFFIRMED.

---

1. Therefore, whether we review for plain error or for abuse of discretion, the result would be the same. *See Kelly v. City of Oakland,* 198 F.3d 779, 786 (9th Cir.1999) (plain error); *United States v. Lui,* 941 F.2d 844, 846 (9th Cir.1991) (abuse of discretion).

